J-S14020-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| DIEGO VELEZ | : | |
| Appellant | : | No. 1943 EDA 2018 |

Appeal from the Judgment of Sentence Entered February 15, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0008003-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| DIEGO VELEZ | : | |
| Appellant | : | No. 1116 EDA 2019 |

Appeal from the Judgment of Sentence Entered February 15, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0008002-2015

BEFORE:  BOWES, J., KING, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY KING, J.:                    **FILED SEPTEMBER 8, 2020**

Appellant, Diego Velez, appeals from the judgments of sentence entered in the Philadelphia County Court of Common Pleas, following his jury trial convictions for rape by forcible compulsion, rape of a child, sexual

assault, incest, endangering the welfare of a child ("EWOC"), corruption of minors, and unlawful contact with a minor.[1]  We affirm.

In its opinion, the trial court fully and accurately sets forth the relevant facts of this case.  Therefore, we have no need to restate them.  Procedurally, we add that the Commonwealth charged Appellant with rape and related offenses stemming from his sexual abuse of his minor daughters, I.P. and B.P.  The charges at Docket No. 8002-2015 related to I.P., and the charges at Docket No. 8003-2015 related to B.P.  Appellant proceeded to a jury trial at both dockets on April 4, 2017.  On April 10, 2017, the jury convicted Appellant of multiple offenses at each docket number.  As to the abuse of I.P., the jury found Appellant guilty of one count each of rape by forcible compulsion, sexual assault, incest, EWOC, corruption of minors, and unlawful contact with a minor.  Regarding the abuse of B.P., the jury convicted Appellant of one count each of rape of a child, incest, EWOC, corruption of minors, and unlawful contact with a minor.

The court sentenced Appellant at both docket numbers on February 15, 2018, to an overall aggregate term of thirty-three (33) to ninety-four (94) years' incarceration.  Appellant did not file post-sentence motions at Docket No. 8002-2015 (related to I.P.).  At Docket No. 8003-2015 (related to B.P.), Appellant timely filed a post-sentence motion on February 19,

---

[1] 18 Pa.C.S.A. §§ 3121(a)(1), 3121(c), 3124.1, 4302(a), 4304(a)(1), 6301(a)(1)(ii), and 6318(a)(1), respectively.

2018, which was denied by operation of law on June 20, 2018. At Docket No. 8003-2015, Appellant filed a timely notice of appeal on July 2, 2018, and a voluntary concise statement of errors complained of appeal per Pa.R.A.P. 1925(b) on August 13, 2018.

Following submission of a petition under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, on April 5, 2019, the PCRA court reinstated Appellant's direct appeal rights *nunc pro tunc* at Docket No. 8002-2015; the court did not restore Appellant's post-sentence motion rights *nunc pro tunc*. On April 12, 2019, Appellant filed a timely notice of appeal *nunc pro tunc* at Docket No. 8002-2015, and a voluntary Rule 1925(b) statement. This Court consolidated Appellant's appeals *sua sponte* on November 12, 2019.[2]

Appellant raises two issues for our review:

Was the evidence insufficient to convict Appellant?

Was the verdict against the weight of the evidence?

(Appellant's Brief at 3).

Preliminarily, a challenge to the weight of the evidence must be preserved by a motion for a new trial. Pa.R.Crim.P. 607. The Rule provides:

---

[2] On June 9, 2020, this Court issued an order staying disposition of this case pending this Court's *en banc* decision in **Commonwealth v. Albright**, 517 MDA 2019. In light of this Court's recent order decertifying **Albright** for *en banc* reargument, we now lift the stay order and proceed to address this appeal.

**Rule 607.  Challenges to the Weight of the Evidence**

> (A)  A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:
>
> > (1) orally, on the record, at any time before sentencing;
> >
> > (2)  by written motion at any time before sentencing; or
> >
> > (3)  in a post-sentence motion.

Pa.R.Crim.P. 607(A).  "As noted in the comment to Rule 607, the purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the trial judge or it will be waived." ***Commonwealth v. Gillard***, 850 A.2d 1273, 1277 (Pa.Super. 2004), *appeal denied*, 581 Pa. 672, 863 A.2d 1143 (2004) (internal quotation marks omitted).

Additionally, where the PCRA court reinstates direct appeal rights *nunc pro tunc*, the defendant is not automatically entitled to reinstatement of his post-sentence rights *nunc pro tunc* as well. ***Commonwealth v. Liston***, 602 Pa. 10, 977 A.2d 1089 (2009).  Nevertheless, a PCRA court can reinstate a defendant's post-sentence rights *nunc pro tunc* if the defendant pleads and proves he was deprived of the right to file and litigate post-sentence motions as a result of ineffective assistance of counsel.  ***Id.*** at 19 n.9, 977 A.2d at 1094 n.9 (noting counsel may be deemed ineffective for failing to file post-sentence motions when claim requires preservation in trial court for purposes of appellate review).

Instantly, Appellant failed to raise an objection to the weight of the

evidence in the trial court at Docket No. 8002-2015. **See Gillard, supra**; Pa.R.Crim.P. 607. Appellant also did not request reinstatement of his post-sentence motion rights *nunc pro tunc* in his PCRA petition at Docket No. 8002-2015, or state that he wanted to raise on appeal a claim requiring preservation in the trial court. **See Liston, supra**. Therefore, to the extent Appellant challenges the weight of the evidence at Docket No. 8002-2015 in this appeal, it is waived. **See Commonwealth v. Sherwood**, 603 Pa. 92, 982 A.2d 483 (2009), *cert. denied*, 559 U.S. 1111, 130 S.Ct. 2415, 176 L.Ed.2d 932 (2010) (providing where appellant fails to preserve weight of evidence challenge in trial court, weight claim is waived because appellate court has nothing to review).

Moreover, even if Appellant properly preserved his challenge to the weight of the evidence at Docket No. 8002-2015, it would not warrant relief. When examining a challenge to the weight of the evidence, our standard of review is as follows:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. An appellate court cannot substitute its judgment for that of the finder of fact. Thus, we may only reverse the…verdict if it is so contrary to the evidence as to shock one's sense of justice.
>
> Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Champney*, 574 Pa. 435, 444, 832 A.2d 403, 408 (2003), *cert. denied*, 542 U.S. 939, 124 S.Ct. 2906, 159 L.Ed.2d 816 (2004) (internal citations omitted). A "trial court's denial of a motion for a new trial based on a weight of the evidence claim is the least assailable of its rulings." *Commonwealth v. Rivera*, 603 Pa. 340, 363, 983 A.2d 1211, 1225 (2009), *cert. denied*, 560 U.S. 909, 130 S.Ct. 3282, 176 L.Ed.2d 1191 (2010).

Further, when examining a challenge to the sufficiency of evidence:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Hansley*, 24 A.3d 410, 416 (Pa.Super. 2011), *appeal denied*, 613 Pa. 642, 32 A.3d 1275 (2011) (quoting ***Commonwealth v.***

***Jones***, 874 A.2d 108, 120-21 (Pa.Super. 2005)).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Diana L. Anhalt, we conclude Appellant's challenges to both the sufficiency and weight of the evidence merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented.

At the outset, the trial court explains that Appellant waived his sufficiency claim, because he failed to specify in his Rule 1925(b) statement the elements of which offenses the Commonwealth allegedly failed to prove at trial. (***See*** Trial Court Opinion, filed June 24, 2019, at 6). The court continues that even if Appellant properly preserved his challenge to the sufficiency of the evidence, his claim fails. (***Id.*** at 6-15). The trial court recounts the Commonwealth's trial evidence showing that Appellant: is I.P. and B.P.'s father; isolated, intimidated, and terrorized I.P. and B.P. to maintain sexual relationships with them; and threatened to harm I.P. and B.P. if they told anyone about his sexual contact with them. (***Id.*** at 7-9). I.P. and B.P. were both under the age of 18 when Appellant sexually abused them. (***Id.*** at 11). As to Appellant's abuse of I.P., the Commonwealth presented evidence that Appellant repeatedly had penile-vaginal intercourse with I.P. for several years from the time she was nine years old. (***Id.*** at 7, 9-10). Thus, the evidence was sufficient to convict Appellant of rape by

forcible compulsion, sexual assault, incest, EWOC, corruption of minors, and unlawful contact with a minor for his sexual abuse of I.P. (*Id.* at 8-11).

Regarding Appellant's abuse of B.P., the trial court notes the Commonwealth presented evidence that from the time B.P. was six or seven years old, she observed Appellant rape I.P. and was in the same bed as Appellant and I.P. when those rapes occurred. (*Id.* at 4, 9, 10). Appellant groomed B.P. to accept his sexual relationship with I.P. (*Id.* at 9). Appellant also had penile-vaginal intercourse with B.P. while she was asleep when she was approximately 12 years old. (*Id.* at 8). Thus, the Commonwealth presented sufficient evidence to convict Appellant of rape of child, incest, EWOC, corruption of minors, and unlawful contact with a minor regarding his offenses against B.P. (*Id*. at 8-11).

As to I.P. and B.P.'s lack of "prompt complaint," the trial court points out that the jury heard evidence of the reasons for I.P. and B.P.'s delayed reporting related to their fear of Appellant and their respective ages. (*Id.* at 12). The trial court adds that it provided the jury the appropriate instruction regarding the failure to promptly report sexual abuse. (*Id.* at 12-13). Therefore, Appellant's prompt complaint argument fails. (*Id.* at 13).

Concerning Appellant's challenge to the weight of the evidence, initially, the trial court clarifies that physical evidence is not required to prove elements of any of the offenses for which Appellant was convicted. (*Id.* at 13-14). So, the jury was free to base the convictions solely on the

testimony of I.P. and B.P. (*Id.* at 14). Additionally, the trial court specifies that the precise date of an offense is not an element of Appellant's convictions. (*Id.* at 15). The court adds that it instructed the jury on the offense date issue. (*Id.*) Moreover, the trial court explains the verdict reflects that the jury found I.P. and B.P. credible, notwithstanding any perceived inconsistencies in their testimony. (*Id.* at 16). We see no reason to disturb the court's sound rationale. Accordingly, even if Appellant had preserved all of his claims for our review, we would affirm based on the trial court's opinion.

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/08/2020

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | |
| | : | CP-51-CR-0008002-2015 |
| | : | CP-51-CR-0008003-2015 |
| v. | : | |
| | : | |
| D.V. | : | |
| | : | |
| | : | 1943 EDA 2018 |

CP-51-CR-0008002-2015 Comm. v. ▮
Opinion

8286428881

**OPINION**

ANHALT, J.                                                                June 24, 2019

## OVERVIEW AND PROCEDURAL HISTORY

D.V.

▮ (hereinafter "Appellant") was arrested on June 9, 2015 and charged with Rape and related offenses realting to victim I.P. (CP-51-CR-0008002-2015) and B.P. (CP-51-CR-0008003-2015). After a jury trial on April 10, 2017 the jury found Appellant guilty of all charges. As to victim I.P, the jury found Appellant guilty of Rape by Forcible Compulsion, 18 Pa.C.S.A. §3121(a)(1), Unlawful Contact with a Minor, 18 Pa.C.S.A. §6318, Sexual Assault, 18 Pa.C.S.A. §3124.1, Incest, 18 Pa.C.S.A. §4302, Endangering the Welfare of Children 18 Pa.C.S.A. §4304, and Corruption of Minors under 18 Pa.C.S.A. §6301. As to victim B.P., the jury found Appellant guilty of Rape of a Child, 18 Pa.C.S.A. §3121(c), Unlawful Contact with a Minor, 18 Pa.C.S.A. §6318, Incest, 18 Pa.C.S.A. §4302, Endangering the Welfare of Children under 18 Pa.C.S.A. §4304, and Corruption of Minors, 18 Pa.C.S.A. §6301. On February 15, 2018 the Court imposed a total sentence of thirty-three to ninety-four years incarceration.

1

Appellant filed Post Sentence Motions for cases CP-51-CR-0008003-2015 and CP-51-CR 0008004-2015[1]. No Post Sentence Motion was filed on CP-51-CR-0008002-2015. Post Sentence Motions were denied by Operation of Law on June 20, 2018. Appellant filed a timely notice of appeal on July 2, 2018 for case CP-51-CR-0008003-2015.[2] A Statement of Matters Complained of on Appeal was filed on August 13, 2018. Appellant raises the following issues:

I.    The verdict was against the weight of the evidence pursuant to Rule 607. This was preserved in a Post-Sentence Motion. In reviewing the notes of testimony and the conflicts in testimony between the complaining witness and the defense witnesses, it shocks the conscious that ████████████ was convicted on mere conflicting testimony.  <u>Appellant</u>

<u>Appellant</u>

II.   The evidence was insufficient to convict ████████ of any charges. There was no prompt reporting of the offenses. There was a lack of physical evidence to support the allegations. B.P. was unclear as to when the alleged incident happened. B.P, stated that she thought it was the day of the Puerto Rican parade.

Appellant was granted a *nunc pro tunc* Appeal for case CP-51-CR-0008002-2015 on April 12, 2019 and filed the Statement of Matters Complained of on Appeal the same day. On that case, Appellant raises the following issues:

I.    The verdict was against the weight of the evidence pursuant to Rule 607. This was preserved in a Post-Sentence Motion. In reviewing the notes of testimony and the conflicts in testimony between the complaining witness and the defense witnesses, it shocks the conscious that ████████████ was convicted on mere conflicting testimony.  <u>Appellant</u>

---

[1] Appellant in error, filed a Post Sentence Motion in a case that was *nolle prossed* by the Commonwealth prior to trial, and did not file a Post Sentence Motion with the appropriate case number on it.

[2] Appellant filed a Notice of Appeal in the case of CP-51-CR-0008004-2015 and CP-51-CR-0008003-2015. Counsel for Appellant did NOT file a Notice of Appeal for CP-51-CR-000████8002-2015. Case "8004" was *nolle prossed* by the Commonwealth before trial. On April 11, 2019, that appeal was discontinued (828 EDA 2019). Having realized that the appeal should have been filed on "8002", the Commonwealth and Court agreed to grant PCRA relief to allow a *nunc pro tunc* Appeal on CP-51-CR-0008002-2015. A Statement of Matters Complained of on Appeal was filed on April 12, 2019 for that case.

2

II. The evidence was insufficient to convict **[Appellant]** of any charges. There was no prompt reporting of the offenses. There was a lack of physical evidence to support the allegations. In addition to the lengthy period of time passing before disclosure at the Horsham Clinic, there was no physical evidence to corroborate the testimony of I.P.[3]

## FACTS

Appellant raped his daughter I.P. on numerous occasions beginning when she was nine years old, until the time she was 15. Notes of Testimony ("N.T."), 04/05/17 at pp. 121, 124. He raped his daughter B.P. once when she was twelve years old. Id. at p. 185.

I.P. lived with Appellant, her father, from age six or seven until she was about sixteen. Id. at 93-94, 98-99. Her younger sister B.P. also lived in the apartment at 3339 North Front Street in Philadelphia. Id. at 95. I.P. was removed from the house by the Pennsylvania Department of Human Services (DHS) in October 2014 after an altercation between her and Appellant. Id. at 100. Around one o'clock a.m., Appellant went into I.P.'s room looking for her phone to make a call. When she did not give him the phone, he beat her. Id., p. 100. B.P. was also in the room but did not intervene because she was terrified of Appellant after he threatened both of them. Id. at 169, 172. I.P. called the police. Police responded and took her to meet with DHS and detectives. Id. at 101. She briefly spoke to the police at the police station and then went to the Philadelphia Children's Alliance (PCA). Id. at 136. At the PCA interview, I.P. did not tell the interviewers the full story about Appellant raping her. Id. at 138. She later explained that she did not tell them because her mother was around and she did not trust her mother. Id. I.P. and B.P. then went to live with their uncle's wife **[H.D.]** Id. at 106-08.

---

[3] For ease of writing and to avoid repetition, the issues will be addressed collectively and not case by case.

While living with H.D. ▮▮▮▮, I.P. experienced psychological and emotional problems and was sent to The Horsham Clinic for treatment. Id. at 109. She told H.D. ▮▮▮▮ that she wanted to kill herself and could not handle things anymore. N.T. 04/06/17 at 45. At Horsham, I.P. told staff that her dad had molested her. N.T. 4/05/17 at 109. She explained that Appellant rubbed her chest and "private areas" and it escalated as she got older. Id. at 111. Appellant penetrated her vagina with his penis when she was nine years old and caused her to bleed profusely. Id. She was "petrified" of her dad and felt that he was brainwashing her and that she had nowhere to turn because Appellant prevented her from interacting with other people. Id. at 111-12. Appellant established "rules" including that she was not allowed to tell anyone else what was going on in the house. Id. at 112. Appellant also threatened to duct tape and beat I.P. and B.P. on one occasion because he felt they were hiding something from him. Id. at 173.

Appellant raped I.P. with vaginal penetration "numerous" times when he was high on drugs. Id. at 113-14. Wherever she slept, Appellant was next to her as if she "was his significant other." Id. at 118. When the two girls slept in the same bed, B.P. saw Appellant rape I.P. multiple times and B.P. pretended to be asleep. Id. This began when B.P. was about six or seven and I.P. was about nine or ten. Id. at 178-79. Appellant also told B.P. to stay in the shower while he and I.P. went into the bedroom and I.P. was not dressed. Id. at 180-81.

Detective Manuel Gonzalez interviewed B.P. after she was no longer in Appellant's care. N.T. 04/06/17 at 86. B.P. told the detective that Appellant touched her sister I.P. on her vagina and butt and put his penis in her vagina. Id. at 89-90. She testified at trial to the same. Id. at 175-176. Additionally, Appellant raped B.P. once while I.P. was at work and B.P. fell asleep in the apartment. N.T. 04/05/17 at 185-88. When she woke up, Appellant was on top of her and had

4

his penis inside of her vagina. Id. B.P. did not tell anyone because she was terrified of her father. Id. at 205.

Appellant has two other daughters, [D.C.] and [T.C.], who have a different mother than I.P. and B.P. Id. at 129. [D.C.] and [T.C.], twenty-six and twenty-eight years old respectively, testified that Appellant has a reputation for being nonviolent. N.T. 04/06/17 at 110-11, 127.

Despite the testimony from his older daughters, the jury convicted Appellant. At sentencing, Appellant was disruptive and vulgar. N.T. 02/15/18 at 26-29. He claimed that his daughters I.P. and B.P. were "just actors." Id. at 25. He said "She's full of shit" loud enough for the entire courtroom to hear and had to be escorted from the room. Id. at 29.

## DISCUSSION

### I. Evidence was sufficient to convict Appellant regarding I.P. and B.P.

The evidence was sufficient as a matter of law to support the convictions for Rape by forcible compulsion under 18 Pa.C.S.A. §3121(a)(1), Unlawful contact with a minor under 18 Pa.C.S.A. §6318, Sexual assault under 18 Pa.C.S.A. §3124.1, Incest under 18 Pa.C.S.A. §4302, Endangering the welfare of children under 18 Pa.C.S.A. §4304, and Corruption of minors under 18 Pa.C.S.A. §6301. When reviewing a sufficiency of the evidence challenge, the standard is "whether the evidence, viewed in the light most favorable to the Commonwealth, and all reasonable inferences arising therefrom, is sufficient to establish the elements of the offense beyond a reasonable doubt." Com. v. Williams, 896 A.2d 523, 535 (Pa. 2006). The Commonwealth is not required to show guilt by "mathematical certainty" and may sustain its burden by presenting solely circumstantial evidence. Com. v. Norley, 55 A. 3d 526, 531 (Pa.

5

Super. 2012). When judging the credibility of witnesses or evidence, the finder of fact "is free to believe all, part, or none of the evidence." Com. v. Brooks, 7 A.3d 852, 856-57 (Pa. Super.2010).

Moreover, "[i]n order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925 (b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence as insufficient." Commonwealth v. Garland, 63 A.3d 339, 344 (Pa. Super. 2013)(citing Commonwealth v. Gibbs, 981 A.2d 274) 281 (Pa. Super. 2009). "Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that he Commonwealth must prove beyond a reasonable doubt." Gibbs, 981 A.2d at 281 Here, Appellant broadly asserts that the evidence is insufficient for "any of the charges." There are 11 convictions total for both cases, all of which contain numerous elements. ▉ Although he argues there is a lack of prompt reporting, lack of physical evidence and/or corroboration, none of these arguments addresses the requirements of Gibbs. Because of this, his claim of insufficiency is waived. Nevertheless, this court will proceed to address the merits of Appellant's sufficiency arguments, in addition to the issues surrounding lack of prompt complaint and lack of physical evidence.

Rape by forcible compulsion (I.P.)

A person commits Rape under 18 Pa.C.S.A. §3121(a)(1), a felony of the first degree, when he "engages in sexual intercourse with a complainant...by forcible compulsion or threat of forcible compulsion that would prevent resistance by a person of reasonable resolution ." A person commits Rape of a child under 13 under 18 Pa. C.S.A. §3121 (c), a felony of the first degree when the person engages in sexual intercourse with a complainant who is less that 13 years of age."

6

Commonwealth v. Rhodes, 510 Pa. 537 (1986) is controlling. In Rhodes, the Supreme Court held that "forcible compulsion" includes not only physical force or violence but also moral, psychological or intellectual force used to compel a person to engage in sexual intercourse against a person's will. Id. at 555. The Court also held that the "threat of such forcible compulsion that would prevent resistance by a person of reasonable resolution is, of course, a determination made in each case based upon the totality of the circumstances that have been presented to the fact finder." Id. at 555. Further, the Court identified several factors that must be weighed to determine whether there is sufficient evidence to demonstrate beyond a reasonable doubt that an accused committed a rape by forcible compulsion or threat of forcible compulsion. Those factors include, but are not limited to, the respective age of the victim and the accused, the atmosphere and physical setting in which the incident was alleged to have taken place, the extent to which the accused may have been in a position of authority, domination or custodial control over the victim and whether the victim was under duress. Id. at 556.

In the instant case, Appellant socially isolated his juvenile daughter, by not allowing her to interact with people outside her family. Id. at 112. She was home-schooled. Id. at 104. I.P. testified her father, Appellant, kept her "hip to hip" and she was not allowed to go anywhere without her father. Id. at 115. He established strict "rules" and she was not allowed to tell anyone what was happening in her home. I.P. was "petrified" of her father and felt as if he was "brainwashing" her. Id. at 111-112. Appellant threatened her repeatedly and also threatened to injure her younger sister, B.P. if I.P. told anyone what was happening. Id. I.P. was 9 years old when this began to happen to her and her father was the perpetrator. Id. It happened on multiple occasions, over many years. Appellant touched his daughter "like [his] significant other" Id. at 111.

7

This evidence, when reviewed under a light most favorable to the Commonwealth as verdict winner, is clearly sufficient to establish that Appellant committed Rape of his daughter, I.P., by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution.

Rape of a Child (B.P.)

The Commonwealth charged defendant with "Rape of a Child" under 18 Pa. C.S.S §3121 (c), which states, "a person commits the offense of rape of a child, . . . , when the person engages in sexual intercourse with a complainant who is less than 13 years of age."

Appellant raped B.P. once while I.P. was at work and B.P. fell asleep in the apartment. N.T. 04/05/17 at 185-88. She was 12 years old. When she woke up, Appellant was on top of her and had his penis inside of her vagina. Id. B.P. did not tell anyone because she was terrified of her father. Id. at 205.

Again, this evidence, when reviewed under a light most favorable to the Commonwealth as verdict winner, is sufficient evidence upon which to convict the Defendant of Rape of a Child.

Unlawful Contact with a Minor (I.P and B.P)

A person commits Unlawful Contact with a Minor under 18 Pa.C.S.A. §6318, a felony of the first degree, when he "is intentionally in contact with a minor...for the purpose of engaging in an activity prohibited under ... any of the offenses enumerated in Chapter 31 (relating to sexual offenses)." 18 Pa.C.S.A. §6318(a)(1). "Contacts" is defined as: "Direct or indirect contact or communication by any means, method or device." 18 Pa.C.S.A. §6318(c).

Here, Appellant was the caretaker of both of his daughters B.P. and I.P. N.T. 04/05/17 at 93-99, 165. He was often in direct contact with B.P. in order to manipulate and rape her. Id. at 111-12. Rape by Forcible Compulsion and Rape of a Child are offenses enumerated in Chapter

8

31 (relating to Sexual Offenses). 18 Pa.C.S.A. §3121(a)(1). Appellant engaged in a series of actions meant to isolate, intimidate and terrorize I.P. and B.P. in order to maintain the sexual relationship he had with both daughters. He committed the rapes against I.P. while B.P. watched. Id. at 175-176. He threatened to "beat the shit out of us" and "duct tape us to the bed." if they told anyone what was happening in their home. Id. at 172-173. B.P. testified Appellant treated her like his "significant other." Appellant instructed B.P. to wait in the shower or bathroom and when she returned, her minor sister was naked in the bedroom, also indicates that Appellant's contact with B.P. groomed her to accept the fact that the sexual relationship between he and his daughters was normal. On the day of the rape of B.P., B.P. testified that Appellant "dragged me off the couch and I didn't know why I was being moved". Id. at 200. The threats, dragging B.P. to another location in the room, the isolation, the home schooling and the fear Appellant instilled in his children made it such that he was able to initiate and maintain contact with B.P. and I.P. to rape them.

Sexual assault (I.P. only)

A person commits Sexual assault under 18 Pa.C.S.A. §3124.1, a felony of the second degree, when he "engages in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent." 18 Pa.C.S.A. §3124.1.

Here, Appellant engaged in sexual intercourse with I.P. many times beginning when she was between the ages of nine and 14 years. N.T. 04/05/17 at 111-12. She did not consent and could not consent because she was a child. This is sufficient evidence, when viewed in the light most favorable to the Commonwealth as verdict winner, to establish that Appellant committed sexual assault against I.P.

Incest

9

A person commits Incest under 18 Pa.C.S.A. §4302, a felony of the second degree, when he "knowingly ... has sexual intercourse with an ancestor or descendant...." 18 Pa.C.S.A. §4302. In Commonwealth v. K.M., 452 Pa. Super. 7 (1996), a mother engaged in sexual intercourse with her daughter. The Superior Court held this evidence sufficient to sustain the guilty verdict on the charge of Incest. Similarly in the present case, I.P. and B. P. testified that Appellant is their biological father. N.T. 04/05/17 at 93, 162-163. Multiple witnesses testified that I.P. and B.P. are the daughters of Diego Velez. N.T. 04/06/17, at 111-112, 121. I.P. testified that Appellant engaged in sexual intercourse with her on multiple occasions. Id. at 111-12. B.P. testified that Appellant engaged in sexual intercourse with her on one occasion. B.P. also testified she watched as her father put his penis into the vagina of I.P. Viewed in the light most favorable to the Commonwealth as verdict winner, this is sufficient to establish that Appellant committed Incest with both children. Commonwealth v. K.M., 452 Pa. Super. 11.

Endangering the Welfare of Children (I.P. and B.P.)

A person commits Endangering Welfare of Children under 18 Pa. C. S. A. §4304, a felony of the third degree, when "A parent...supervising the welfare of a child under 18 years of age...knowingly endangers the welfare of the child by violating a duty of care, protection or support." 18 Pa.C.S.A. §4304. In Commonwealth v. Martir, 712 A.2d 327, the court stated, "[t]he *mens rea* required for [endangering the welfare of a child] is a knowing violation of the accused's duty of care to the minor-victim. More precisely, the Commonwealth must prove that: 1) the accused is aware of his or her duty to protect the child; 2) the accused is aware that the child is in circumstances that could threaten the child's physical or psychological welfare; and 3) the accused has either failed to act or has taken action so lame or meager that such actions cannot reasonably be expected to protect the child's welfare." Id. at 328-329.

10

Here, the jury's guilty verdicts indicate that the jurors found the testimony of I.P and B.P. to be credible with regard to multiple instances of rape and threats of violence with respect to I.P., and the testimony that B.P. witnessed sexual abuse of I.P., was threatened by Appellant and was also raped one time by Appellant while he had a duty to protect his daughters. N.T. 93, 109, 111-112. 175. 181, 185-186, 188, 204. When viewed in the light most favorable to the Commonwealth as verdict winner, the evidence is sufficient to sustain the jury's conviction on this count.

## Corruption of minors

A person commits Corruption of Minors under 18 Pa.C.S.A. §6301, a felony of the third degree, when he "being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age." 18 Pa.C.S.A. §6301(a)(ii). Sexual offenses against a minor without their consent is sufficient to establish corruption of minors. Com. v. Izurieta, 171 A.3d 803, 807 (Pa. Super. 2017).

Appellant, an adult at the time, violated Chapter 31 by raping I.P. and B.P., both children under the age of 18. N.T. 04/05/17 at 111-12. Appellant raped I.P. multiple times over the course of many years, often while B.P. had to watch. He raped B.P. on one occasion when she was under 13 years of age. When viewed in the light most favorable to the Commonwealth as verdict winner, this is sufficient to establish that Appellant corrupted the morals of I.P.

## Lack of Prompt Complaint

Appellant argues that because there was a lack of prompt complaint of both victims, the evidence is insufficient to support a jury verdict of guilty. This appears to be a "weight of the evidence" argument. However, this court will address this claim here.

11

According to 18 Pa. C.S.A §3105,

> Prompt reporting to public authority is not required in a prosecution under this chapter: Provided, however, that nothing in this section shall be construed to prohibit a defendant from introducing evidence of the complainant's failure to promptly report the crime if such evidence would be admissible pursuant to the rules of evidence.

18 Pa. Stat. and Cons. Stat. Ann. § 3105 (West).

Given that there was evidence of a delay in reporting and/or a lack of prompt complaint in both cases, the court gave the Failure to Make a Prompt Complaint in Certain Sexual Offenses" jury instruction. 4.13A Failure to Make Prompt Complaint in Certain Sexual Offenses, Pa. SSJI (Crim), §4.13A (2016). N.T. 4-6-17 Vol. 1 page 212 lines 9-25 and page 213 lines 2-25. This instruction is derived from 18 Pa. C.S.A. §3105. Commonwealth v. Dillon, 925 A.2d 131 138-139 (Pa. 2007). It is appropriate where the evidence suggests that an alleged victim, otherwise competent and able to do so, did not promptly report a sexual offense. While lack of a prompt complaint does not defeat the charge, it may, in an appropriate case, have some evidentiary value in assessing the complainant's credibility as to either the actual occurrence of the offense, or the complainant's consent to the act otherwise constituting it. Id. The lack of prompt complaint by a victim of a crime, although not dispositive of the merits of the case, may produce doubt as to whether the offence occurred or whether there is fabrication by the complaining witness. Commonwealth v. Lane, 521 Pa. 390, 398 (1989). The motive in making in making a complaint following a considerable period of silence is relevant in evaluating a complainant's veracity. Id.

In the instant cases, the jury heard evidence of I.P's and B.P's delay in reporting, the reasons for the delay related to their fear of their father, their respective ages, and other reasons. The jury heard the jury instruction regarding the failure to make a prompt report and the fact

12

finder made the ultimate determination as to the credibility of both witnesses, notwithstanding the delay in reporting.

Therefore, the evidence was not insufficient, as prompt reporting is not an element of the offenses that needs to be proved beyond a reasonable doubt. The verdict was not against the weight of the evidence when the jury believed the victims and convicted the defendant.

## Lack of Physical Evidence

Appellant also argues that the lack of physical evidence should be considered in whether or not there was sufficient evidence to convict Appellant on any of the charges. Again, this is more of an argument regarding weight. There is no element to be proved beyond a reasonable doubt related to physical evidence. Nevertheless, it will be addressed herein.

18 Pa. C.S.A. §3106 reads:

The credibility of a complainant of an offense under this chapter shall be determined by the same standard as is the credibility of a complainant of any other crime. **The testimony of a complainant need not be corroborated in prosecutions under this chapter.** No instructions shall be given cautioning the jury to view the complainant's testimony in any other way than that in which all complainants' testimony is viewed. (emphasis added).

Even if the physical evidence is inconsistent with the evidence adduced at trial, the jury is still free to believe all, part or none of the witness's testimony. Commonwealth v. Jennings, 958 A. 2d 536, 541 (Pa. Super. 2008) citing Commonwealth v. W.H.M. 932 A. 2d 155, 159 (Pa. Super. 2007). In Jennings, defense argued the Commonwealth failed to prove the victim was raped (lack of consent) based on the witness's sleeping attire and her lack of bruises. Jennings, at 541. There the court held, "In cases where an appellant contends that "physical evidence is 'inconsistent' with a victim's testimony, but that evidence does not necessarily exculpate him, the fact-finder may entertain a defendant's alternative theory and reasonably reject it.

13

██████████████████████████████████████████████

████████████████████████). Thus, we find no basis in disturbing the trial court's

determination." Jennings, 541. Commonwealth v. Wall, 953 A.2d 58, 586 (Pa. Super. 2008).

In addition, in Commonwealth v. Jenkins, 396 Pa. Super. 395 (1990), two victims testified to sexual abuse by their biological father, Jenkins. Jenkins denied the abuse and argued the lack of physical evidence of abuse indicated it did not happen. The court held the jury was free to believe all, some or none of the presented testimony. Jenkins, at 401. That the jury chose to believe the victims does not shock the Court's sense of justice and therefore, there was no abuse of discretion of the trial court. Id.

Because there is no requirement that physical evidence (or any corroboration) is necessary to support a conviction in this type of case, Appellant's convictions should stand. "Physical evidence" is not an element of the offenses. The jury is free to base the convictions on the uncorroborated testimony of the victims, if believed beyond a reasonable doubt. 18 Pa. C.S.A. §3106. Therefore, this evidence, when reviewed under a light most favorable to the Commonwealth as verdict winner, and when the jury was free to consider the lack of physical evidence in their evaluation of the weight and credibility of the evidence, is not insufficient to disturb the jury's verdict.

## B.P. Unclear of When Offense Happened

Appellant claims there was insufficient evidence to convict because B.P. was unclear of when the offence occurred. The Bills of Information charge that Appellant committed this offence against B.P. in "September of 2014". N.T. 4/5/2017. B.P. testified she believed this event happened the day of the "Puerto Rican Day Parade," the year she turned 13, but before her

14

13th birthday■. N.T. p. 187. B.P. moved away from Appellant the day after the incident with Appellant and I.P., which was October, 2014 Id. at 171, 94. Counsel made no objections regarding the dates of the offense related to B.P., despite making objections to dates regarding I.P. N.T. 4/6/17, p. 2-8.

The date of the offense is not an element of the crimes charged requiring the Commonwealth to prove that these events happened on a particular day. In fact, the court instructed the jury regarding this very issue. N.T. 4//6/17 at 218-219. Therefore, it is not an issue for the court to address as "sufficiency of the evidence." Once again, even if this argument is more to the "weight of the evidence" and not sufficiency, his argument fails because the jury believed the witnesses and rejected the Appellant's version of these young women as untruthful.

## III. WEIGHT OF EVIDENCE (B.P. and I.P.)

The verdict was not against the weight of the evidence, and thus a new trial should not be granted. A new trial should be granted on the ground that the verdict is against the weight of the evidence only "when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and make the award of a new trial imperative so that right may be given another opportunity to prevail." Com. v. Whitney, ■■ 511 A.2d 1152, ■■ 1155-56 (Pa. 198■ 6). If the jury's finding "is supported by the record, the trial court's denial of a motion for a new trial will not be disturbed." Com. v. Larew, 432 A.2d 1037, 1038 (Pa.Super. 1981). The Appellate Court's standard of review is whether the trial court abused its discretion in denying the motion for a new trial. Commonwealth v. Jenkins, 396 Pa. Super. 395, 399 (1990). The record supports the jury's finding and thus a new trial is not warranted.

15

Here, Appellant primarily argues that the victims were not credible and testified inconsistently. However, "the determination of the credibility of a witness is within the exclusive province of the jury." Com. v. Crawford, 718 A.2d 768, 772 (Pa. 1998). The jury verdict reflected that the jury found the victims credible, and they discredited any testimony provided by the defense. Both of Appellant's daughters testified that Appellant had sexual intercourse with them, for B.P., one time placing his penis into her vagina when she was 12 years old, and for I.P., Appellant engaged in sexual intercourse on numerous occasions, and on some of those occasions, B.P. witnessed this abuse. Even when there are inconsistencies and contradictions in testimony, that alone does not obligate the court to overturn a jury verdict. Jenkins, at 400. Any perceived inconsistencies in this case, were overcome by the credible testimony of the victims.

The jury's decision also does not shock one's sense of justice. They simply chose to believe the testimony of the two victims who were abused by their father and therefore, the verdict was not against the weight of the evidence.

16

**CONCLUSION**

After review of the applicable statutes, testimony, and case law, there is sufficient evidence to find Appellant guilty of all offenses and the verdict is not against the weight of the evidence. Accordingly, the trial court's decision should be affirmed.

BY THE COURT:

DATE: JUNE 24, 2019                    DIANA L. ANHALT, J.

17

**PROOF OF SERVICE**

I hereby certify that on the date set forth below, I caused an original copy of the Judicial Opinion to be served by mail upon the persons at following locations, which service satisfies the requirements of Pa.R.A.P. 122:

Douglas Earl, Esquire
1015 Chestnut Street, Ste. 902
Philadelphia, PA 19107

Lawrence Goode, Esquire
Philadelphia District Attorneys Office
Three South Penn Square
Philadelphia, PA 19107

Date: 6/24/19

By: _____
James F. Berardinelli, Esquire
Law Clerk for the Honorable Diana Anhalt

18